1   Mark R. Thierman, NSB 8285
    THIERMAN LAW FIRM
2   7287 Lakeside Drive
    Reno, NV 89511
3   Telephone (775) 284-1500

4   Leon Greenberg, NSB 8094
    A Professional Corporation
5   633 South 4th Street - Suite 4
    Las Vegas, Nevada 89101
6   Telephone (702) 383-6085

7   Attorneys for Plaintiffs

8   UNITED STATES DISTRICT COURT
    DISTRICT OF NEVADA
9   -------------------------------X
    DEBRA PITTMAN, ROSALYNE R.        )      Docket:  09-CV-878-PMP-GWF
10  SMITH, MARKOS MENDOZA, RINEO      )
    VLIJTER, EDITH MARSHALL, and      )
11  MOHAMED SABRO, individually       )
    and on behalf of all others       )      **PLAINTIFFS' ~~PROPOSED~~ FIRST**
12  similarly situated,               )      **AMENDED COMPLAINT**
                                      )
13                 Plaintiffs,        )
                                      )
14  v.                                )
                                      )
15  WESTGATE PLANET HOLLYWOOD LAS     )
    VEGAS, LLC., WESTGATE RESORTS     )
16  INC., WESTGATE RESORTS LTD.,      )
    CFI SALES & MARKETING, LTD.,      )
17  CFI SALES & MARKETING, LLC.,      )
    CFI SALES & MARKETING, INC.,      )
18  DAVID A. SIEGEL, RICHARD          )
    SIEGEL and "John Doe" entities    )
19  1 to 25, name and number          )
    unknown,,                         )
20
                   Defendants.        )
21
22             CLASS ACTION COMPLAINT FOR VIOLATION
                 OF STATE AND FEDERAL LABOR LAWS
23
24        Now comes Plaintiffs, for themselves and all others similarly

25  situated, and allege the following upon personal knowledge as to

26  themselves and their own acts, and upon information and belief as

27  to all other matters:

28

                                      1

JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), which provides, "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer…in any federal or state court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Consent to Joinder forms have been filed with this Complaint.

2.   Venue and jurisdiction over this case was proper in the District Court of Nevada, Eighth Judicial District, because Defendants conduct business in Clark County Nevada, plaintiffs reside in Clark County, Nevada, Plaintiffs worked for defendants in Las Vegas, and the acts complained of herein happened in or around Las Vegas, this case subsequently being properly removed to this Court which also has jurisdiction over the claims.

**BACKGROUND AND PARTIES**

3.   Plaintiffs DEBRA PITTMAN, ROSALYNE R. SMITH, MARKOS MENDOZA, RINEO VLIJTER, EDITH MARSHALL, and MOHAMED SABRO,  (the "individual plaintiffs"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their undersigned attorneys, bring this action against defendants WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC., WESTGATE RESORTS INC., WESTGATE RESORTS LTD., CFI SALES & MARKETING, LTD., CFI SALES & MARKETING, LLC., CFI SALES & MARKETING, INC., DAVID A. SIEGEL, RICHARD SIEGEL and "John Doe" entities 1 to 25, name and number unknown ("Westgate" or "defendants").

4.   The defendants "John Doe" entities 1 to 25 are named

fictitiously and their exact legal names and the number of such defendants are unknown (the "John Doe Defendants"). Such defendants are legal entities that are part of the Westgate Timeshare Business Enterprise (the "WTBE") that is described herein and are alleged to be liable to the plaintiff in the same fashion as the identified defendants, and such "John Doe" defendants shall be precisely identified and named in this case at a later date when sufficient information as to the same becomes available to the plaintiffs.

5.   The defendants DAVID A. SIEGEL and RICHARD SIEGEL for the purposes of the claims made herein under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") are deemed employers under the FLSA as they have acted on behalf of an employer and/or acted as an employer by willfully, intentionally, knowingly or otherwise promoting, allowing, directing or otherwise creating the compensation policies alleged herein that violate the FLSA, such individual defendants also exercising the power they had within the WTBE to continue, create, or allow such policies to flourish and remain in existence.

6.   The identified defendants that are part of the WTBE and are corporations or other business entities are formed pursuant to the laws of the State of Nevada or another jurisdiction and are currently conducting business in the State of Nevada or have within the relevant time period conducted such business either directly or through their affiliated agents or entities that are part of the WTBE.

7.   The WTBE consists of all of the defendants, such business being engaged in the sale, creation, development and management of

3

timeshare properties throughout the United States, including in Nevada, Arizona, Florida, Missouri, Mississippi, South Carolina, Tennessee, Utah and Virginia.

8.   The WTBE derives over $100 million per year of revenue from the developing, marketing, management and sales of fractional interests in "time-share" condominiums and resorts.

9.   The individual plaintiffs, except for plaintiff SABRO who worked at WTBE's Orlando, Florida location, were employed as marketing personnel in the WTBE's Las Vegas time share sales business during the six years immediately preceding the filing of this lawsuit.  The individual plaintiffs, except for plaintiff Sabro, worked in a variety of positions in Las Vegas, including OPC, Greeter, and Marketing Manager, Marketing Supervisor, Assistant Marketing Director, General Manager.  WTBE either paid or promised to pay the individual plaintiffs either the greater of an hourly wage or commissions earned each week or a salary plus commissions.

10.   Upon information and belief, the WTBE employed hundreds or thousands of such marketing personnel within the United States on a commission only basis within the last three years.

11.   The individual plaintiffs seek certification of this case as a collective action of all similarly situated marketing personnel who worked for the WTBE at all of their locations throughout the United States within the last three (3) years immediately preceding the filing of the Complaint and who, as alleged herein, have claims under the FLSA, pursuant to 29 U.S.C. §216(b).

**FACTUAL ALLEGATIONS**

12.   The WTBE employs marketing personnel like the individual plaintiffs who work on defendants premises, meaning locations rented

4

by the defendants that are within other large privately owned places of public accommodation.

13. The marketing personnel employed by the defendant in the positions of OPC and Greeter are promised that they will receive, for each week of their work, the greater of an hourly rate of pay or the commissions or piecework payments that they earn.

14. The plaintiffs who worked as OPC or Greeter also were promised a set amount of commission or a piecework payment for every individual they successfully convinced to participate in a timeshare sales presentation by the defendants' sales personnel and during certain periods of time were also promised an additional commission or piecework payment based upon the volume of persons they convinced to participate in a timeshare sales presentation that actually bought timeshares from defendants.

15. The plaintiffs who worked as Marketing Manager, Marketing Supervisor, Assistant Marketing Director, or General Manager were paid a salary and also were promised certain commission or piecework payments based upon how many persons the OPC and Greeters convinced to participate in a timeshare sales presentation given by the defendants' sales personnel and during certain periods of time were also promised an additional commission or piecework payment based upon the volume of persons they convinced to participate in a timeshare sales presentation that actually bought timeshares from defendants.

16. One or both of the defendants David A. Siegel and Richard Siegel are the owners in whole or in part of the WTBE and are responsible for making decisions, or ratifying the decisions of other policy makers, as to the compensation policies used by the

WTBE for the plaintiffs.

17.   The various nominally separate legal entities making up the WTBE are, for the purposes of the Fair Labor Standards Act and the other claims made herein, a common or joint enterprise or partnership that is collectively, jointly and severally liable to all of the putative plaintiffs described herein.

18.   None of the defendants' marketing persons working in the position of OPC or Greeter receive any extra overtime pay for work in excess of forty (40) hours per week and they regularly do perform such work, such persons only receive payment of the commissions or piecework payments they earn in such weeks.

19.   WTBE, which is in the business of selling real estate, is not engaged in an industry having a "retail concept" as that term is defined by the United States Department of Labor at Subpart D of Part 779 of Title 29 of the Code of Federal Regulations.

20.   None of the defendants' marketing persons working in the position of OPC or Greeter are engaged in "sales" activities in that such persons do not sell a retail or other product or service and, in fact, sell nothing whatsoever, as their function is to persuade people to participate in timeshare sales presentations.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

21.   Pursuant to Section 16(b) of the FLSA, the individual plaintiffs bring this Complaint as a collective action (also commonly referred to as an "opt-in" class), on behalf of themselves and all persons similarly situated within the class of marketing persons employed by the WTBE in OPC or Greeter positions in any of the defendants' locations in the United States within three (3) years of the filing of this Complaint until entry of judgment after

trial.

22.   In respect to the Nevada statutory claims set forth in the Second and Third Claims for relief, the individual plaintiffs, except plaintiff SABRO, bring this action as a class action pursuant to F.R.C.P Rule 23 on behalf of themselves and a subclass of all similarly situated marketing persons employed by the WTBE in the State of Nevada in the OPC and Greeter position in respect to the Second and Third Claims for relief from three years prior to the commencement of this action until entry of judgment after trial.

23.   In respect to the breach of contract claims set forth in the Fourth Claim for relief, the individual plaintiffs bring this action as a class action pursuant to F.R.C.P Rule 23 on behalf of themselves and a classs of all similarly situated marketing persons employed by the WTBE in the United States who sustained damages from defendants' breach of its contracts with its marketing personnel within six (6) years or such other applicable statute of limitations of the filing of this Complaint until entry of judgment after trial.

24.   Plaintiffs are informed and believe, and based thereon allege that there are at least 500 putative class and subclass members.   The actual number of class and subclass members is readily ascertainable by a review of the WTBE's records through appropriate discovery.

25.   The number of class members is so numerous that joinder is impracticable and would involve hundreds or thousands of actions. Disposition of these claims in a class and/or collective action rather than in individual actions will benefit the parties and the Court.

26.   There is a well-defined community of interest in the

questions of law and fact affecting the class as a whole.

27. Proof of a common or single set of facts will establish the right of each member of the class and subclass to recover. These common questions of law and fact predominate over questions that affect only individual class members. The individual plaintiffs' claims are typical of those of the class and the subclass.

28. A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class or collective treatment since 1) the employer's practices were uniform; 2) the burden is on the employer to prove any exemption; 3) the employer must demonstrate it has compensated the class members in compliance with their contracts of employment; and 4) the burden is on the employer to disprove the hours of overtime claimed by the employees.

29. The individual plaintiffs will fairly and adequately represent the interests of the class and the subclass, and have no interests that conflict with or are antagonistic to the interests of the class or the subclass.

30. The individual plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

31. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual

remedies by members of the class will tend to establish inconsistent standards of conduct for the defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

**FIRST CLAIM FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT**

32.   The individual plaintiffs repeat the allegations set forth in paragraphs 1 through 31 as if each were separately and completely set forth herein.

33.   The defendant, the WTBE is in the business of developing and marketing time-share condominiums and resorts.  The WTBE includes real estate companies required to be licensed by the Real Estate licensing authorities in the states in which it does business.

34.   The business of marketing time-share condominiums and resorts is not a retail business as that term is defined by the United States Department of Labor at Subpart D of Part 779 of Title 29 of the Code of Federal Regulations and the activities of the plaintiffs in the position of OPC or Greeter in furtherance of that business are not subject to any exemption from the FLSA's requirements in respect to the payment of overtime or minimum wages.

35.   By their conduct, as set forth herein, defendants violated 29 U.S.C. §207(a) by failing to pay the FLSA Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours during a workweek and at certain times violated 29 U.S.C. § 206 by failing to pay a minimum wage to employees during certain weeks of employment.

36.   As a result of the unlawful acts of defendants, the

1  individual plaintiffs and the plaintiff class members have been
2  deprived of overtime pay and/or minimum wages in amounts to be
3  proven at trial.

4      37.  At all relevant times, the WTBE was aware of the duties
5  performed by the individual plaintiffs and the FLSA Class and was
6  also fully aware that the duties of the individual plaintiffs and
7  the FLSA Class Members were inconsistent with exempt status, and
8  that such persons were and are not exempt from the overtime and
9  minimum wage provisions of the FLSA.

10     38.  Defendants' violations of 29 U.S.C. §207(a) and 29 U.S.C.
11 § 206 were repeated, willful and intentional.

12     39.  The individual plaintiffs, on behalf of themselves and all
13 of the FLSA class members who choose to join this action by filing
14 written consents to joinder with the Court, demand judgment against
15 defendants for the unpaid balance of overtime compensation and/or
16 minimum wages, plus an equal amount as liquidated damages, along
17 with reasonable attorneys' fees and costs of suit, and such other
18 relief as the court deems proper and just.

19  **SECOND CLAIM FOR RELIEF UNDER NEVADA'S LABOR LAWS**

20     40.  The individual plaintiffs repeat the allegations set forth
21 in paragraphs 1 through 39 as if each were separately and completely
22 set forth herein.

23     41.  The individual plaintiffs, except for plaintiff SABRO,
24 bring this Second Claim for Relief against the defendants pursuant
25 to NRS § 608.250, for non-payment of minimum wages and NRS §
26 608.018, for non-payment of overtime wages on behalf of themselves
27 and the subclass of Nevada OPC and Greeter marketing employees.

28     42.  Pursuant to NRS § 608.250, the plaintiffs, except for

10

plaintiff SABRO, were entitled to an hourly minimum wage, and pursuant to NRS § 608.018, they were also entitled to the payment of wages at time and one-half their normal hourly rate when they worked in excess of 8 hours a day or 40 hours a week, and the plaintiffs were not paid such required wages.

43.     The individual plaintiffs, except for plaintiff SABRO, on behalf of themselves and the subclass members, seek, on this Second Claim for Relief, a judgment against defendants for minimum wages and/or overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiffs, and also seek an award of attorney's fees, interest and costs, as provided for by Nevada Law.

**THIRD CLAIM FOR RELIEF UNDER N.R.S. § 608.040**

44.     The individual plaintiffs repeat the allegations set forth in paragraphs 1 through 43 as if each were separately and completely set forth herein.

45.     The individual plaintiffs, except for plaintiff SABRO, bring this Third Claim for Relief pursuant to Nevada Revised Statutes § 608.040.

46.     The individual plaintiffs, except for plaintiff SABRO, and numerous members of the Nevada sub-class, prior to the initiation of this litigation, were discharged or resigned from their employment with the defendants and at the time of such discharge or resignation were owed unpaid wages by the defendant.

47.     The defendants have failed and refused to pay such individual plaintiffs and numerous members of the plaintiff class their earned but unpaid wages, such conduct by the defendants constituting a violation of N.R.S. § 608.020, or § 608.030 and

11

1  giving rise to a claim under N.R.S. § 608.040.

2      48.  As a result of the foregoing, the individual plaintiffs,

3  except for plaintiff SABRO, seek on behalf of themselves and

4  numerous similarly situated members of the Nevada sub-class, a

5  judgment against the defendants for the penalty prescribed by Nevada

6  Revised Statutes § 608.040, to wit, for a sum equal to up to thirty

7  days wages, along with interest, costs and attorneys' fees.

8      **FOURTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT**

9      49.  The individual plaintiffs repeat the allegations set forth

10  in paragraphs 1 through 48 as if each were separately and completely

11  set forth herein.

12      50.  That pursuant to a written contract or series of written

13  contracts, the defendants promised to pay the individual plaintiffs

14  certain commissions or piecework payments in exchange for their work

15  as marketing persons for the defendants.

16      51.  The defendants breached the aforesaid contracts in that

17  pursuant to such contracts, the individual plaintiffs, and the

18  members of the putative class of plaintiffs throughout the United

19  States, should have received certain commissions or piecework

20  payments which the defendants failed to pay the individual

21  plaintiffs and the members of the plaintiff class.

22      52.  Upon information and belief, the aforesaid contracts were

23  uniform and all of the proposed class members were promised such

24  commissions or piecework payments, albeit on occasion in differing

25  amounts.

26      53.  On this Fourth Cause of action for breach of contract, the

27  individual plaintiffs seek class certification on behalf of all

28  similarly situated marketing personnel of the defendant in the

12

United States.

54.  As a result of the foregoing, the individual plaintiffs seek on behalf of themselves and numerous similarly situated members of the alleged class of defendants' marketing personnel in the United States a judgment against the defendants for the sums of money owed to such persons as a result of the defendants' breach of its written contracts to pay such persons commissions or piecework payments, along with interest, costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, the individual plaintiffs and the plaintiff class members demand judgment against defendants as hereinafter set forth, including, *inter alia*:

(a)  Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct defendants to provide a list of all persons employed by it as OPC or Greeter marketing persons in the United States during the past three (3) years, including the last known address and telephone number of each person, so that the individual plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate or not;

(b)  Determine the damages sustained by the individual plaintiffs and the plaintiff class members as a result of defendants' violations of 29 U.S.C. § 206 and § 207, and award those damages against defendants and in favor of the individual plaintiffs and all members of the FLSA Class, plus an additional equal amount as liquidated damages

13

under 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law;

(c)  Certify the individual plaintiffs' claims, except for plaintiff SABRO, under Nevada's statutes, and for all plaintiffs for breach of contract, pursuant to F.R.C.P. § 23 as a class action and award an appropriate judgment against the defendants for damages to the individual plaintiffs, and the class and Nevada sub-class members who sustained damages from the defendants' breach of their contracts and violations of Nevada's statutes;

(d)  Award Plaintiffs their costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and experts' fees;

(e)  Grant Plaintiffs and the Plaintiff class members such other and further relief as the Court may deem just and proper.

Plaintiffs further demand a trial by jury on all issues so triable.

Submitted by the attorneys for the Plaintiffs and the Class,
Leon Greenberg Professional Corporation

By:_____
Leon Greenberg, Esq.
Nevada Bar No.: 8094
633 South 4th Street - Suite 4
Las Vegas, Nevada 89101
(702) 383-6085
Attorney for Plaintiffs