JAMES E. SMYTH II
Nevada Bar No. 6506
Kaempfer Crowell Renshaw Gronauer & Fiorentino
3800 Howard Hughes Parkway, Seventh Floor
Las Vegas, Nevada 89169
Telephone: (702) 792-7000
Fax: (702) 796-7181
jsmyth@kcnvlaw.com

RICHARD W. EPSTEIN
MYRNA L. MAYSONET
BRANDON J. HILL
(*Admitted Pro Hac Vice*)
GREENSPOON MARDER, P.A.
Trade Center South, Suite 700
100 West Cypress Creek Road
Ft. Lauderdale, Florida 33309
Telephone: (888) 491-1120
Facsimile: (954) 771-9264
richard.epstein@gmlaw.com
myrna.maysonet@gmlaw.com
brandon.hill@gmlaw.com

**Attorneys for Defendants**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA PITTMAN, ROSALYNE R. SMITH, MARKOS MENDOZA, RINEO VLIJTER, EDITH MARSHALL, and MOHAMED SABRO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC, WESTGATE RESORTS, INC., WESTGATE RESORTS, LTD., CFI SALES & MARKETING, LTD., CFI SALES & MARKETING, LLC, CFI SALES & MARKETING, INC., DAVID A. SIEGEL, RICHARD SIEGEL and "John Doe" entities 1 to 25, name and number unknown, <br><br> Defendants. | **Case No. 2:09-cv-00878-PMP-GWF** <br><br><br> **JOINT MOTION TO EXTEND ALL REMAINING DEADLINES** <br> **(Second Request)** |

Defendants, Westgate Planet Hollywood Las Vegas, LLC, Westgate Resorts, Inc., Westgate Resorts, Ltd., CFI Sales & Marketing, Ltd., CFI Sales & Marketing, LLC and CFI Sales & Marketing, Inc., Richard Siegel and David Siegel ("Defendants"), and Plaintiffs (collectively "the Parties"), by and through their attorneys of record, pursuant to LR-6-1 and LR-26-4, file this Joint Motion requesting this Court extend the discovery deadline and all other remaining deadlines.

**RELEVANT FACTS**

1. Plaintiffs filed this action on April 16, 2009 in the District Court of Clark County, Nevada. Plaintiffs' original Complaint included causes of action for alleged violations of the Fair Labor Standards Act ("FLSA") and Nevada labor laws. (Doc. 1, p. 2).

2. On September 1, 2009, Magistrate Judge George Foley issued an Order setting the discovery deadline and other critical deadlines. (Doc. 40).

3. Following entry of the September 2009 original Scheduling Order, the procedural posture of this case changed dramatically due, in large part, to the filing of Plaintiffs' Motion for Partial Summary Judgment (Doc. 147), Defendants' Motion for Leave to File a Counterclaim (Doc. 152), and Plaintiffs' Motion for Partial Class Certification under Fed.R.Civ.P. 23. (Doc. 151).

4. As a result of these filings, in a Joint Stipulation filed on June 16, 2010 (Doc. 157), the parties asked the Court to extend all deadlines set forth in the September 2009 original Scheduling Order. The Court approved the parties Joint Stipulation on June 18, 2010, and entered a new Scheduling Order. (Doc. 159).

5. Those deadlines controlled until the Court denied Plaintiffs' Motion for Rule 23 Class Certification. (Doc. 184). As a result, on November 15, 2010 Plaintiff petitioned the

Ninth Circuit Court of Appeals for permission to appeal the Court's Order denying Plaintiffs' Motion for Partial Class Certification. (*See* Doc. 191).

6. Concurrently with the filing of their Petition to the Ninth Circuit, Plaintiffs filed an unopposed Motion to stay all proceedings in this action pending the disposition of their Petition filed with Ninth Circuit (*see* Doc. 189). This Court granted Plaintiffs' Motion and all proceedings in this action were stayed as of November 18, 2010. (Doc. 192). The deadlines that were stayed included the discovery deadline, deadline to disclose experts and rebuttal experts, dispositive motion deadline, and the deadline to file a joint pretrial order.

7. Plaintiffs' Petition was denied. On March 21, 2011 the Court lifted the stay and issued an order mandating that the parties complete "any remaining discovery within 90 days" (June 20, 2011). (Doc. 197). The Parties were also ordered to file a proposed joint pretrial order by July 29, 2011.

8. As this Court is aware, counsel for both parties are also involved in another similar large-scale FLSA conditionally certified collective action case also pending before this Court, styled *Davis, et al. v. Westgate Planet Hollywood Las Vegas, LLC, et al.*, Case No.: 2:08-cv-00722-RCJ–PAL.

9. Throughout the combined years of litigating this case, and *Davis*, the parties have worked diligently to resolve many of the discovery issues that they have encountered in both cases. The issues, and difficulties, presented in both cases are similar. The parties believe that many of the discovery-related production and expert deadline problems experienced in *Davis* can be avoided here if the Court allows the parties additional time to conduct discovery, and expert discovery.

Page 3

10. Both this case and *Davis* involve voluminous computer data, payroll records, and related information which makes litigating and managing these cases extremely cumbersome and time consuming. In the *Davis action,* the parties have gone to great lengths to resolve discovery disputes on their own which, in many instances, has required additional time for each side's expert witnesses to examine data and point out problems either with the data, or with the other side's interpretation of the produced-data. In the past, this process has resulted in a number of discovery-related compromises. The parties did this with some success in the *Davis* case. And, they plan on doing so here.

11. One of the issues that will have a dispositive impact on this case will be the eligibility of the entire putative class to pursue an actionable FLSA claim. For example, a review of records have indicated that at least 45 out of the 376 individuals in this action may not have actionable FLSA claims because: (1) claims if any, fell outside the 3 year statute of limitation from their opt-in date; or (2) they did not hold the approved positions defined by the Court during the relevant time. Defendants also are in the process of trying to identify for the remainder of the class all periods which may be excludable from this lawsuit as the respective opt-in Plaintiff did not hold the court approved position or was not working for the company at that time. This process is a difficult and time consuming task as Defendants have to manually review thousands of documents to create these positions lists and to ascertain the "excludable periods." Defendants have commenced this process but it will not be able to be completed in time for the expert disclosure deadlines which will be 60 (April 22, 2011) and 30 days (May 23, 2011) respectively, as these deadlines were not specifically identified in the Court's Order. This information will be crucial for the experts to create an accurate damage report and will streamline potential dispositive issues ahead. Likewise, there are a number of individuals for

Page 4

which no information is available.  Defendants have already addressed these issues with Plaintiffs on March 30, 2011 and the parties are working cooperatively to resolve these issues.

12. Therefore, the parties propose that the Court modify the current Scheduling Order as follows:

    a. Discovery deadline: **August 22, 2011** (currently expires on June 20, 2011);

    b. Last date to disclose experts pursuant to Fed. R. Civ. P. 26(a)(2): **Sixty (60) days prior to the discovery deadline**;

    c. Last date to disclose rebuttal experts: **Thirty (30) days after Plaintiffs' disclosure of expert and report(s)**;

    d. Last date to file dispositive motions: **September 23, 2011**;

    e. Last date to file joint pretrial order: **October 24, 2011**; and

    f. In the event additional dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after the entry of an Order by the Court on the last of all filed dispositive motions.

13. Pursuant to LR 26-4, the following discovery has been conducted : The Plaintiffs have propounded Interrogatories, Requests to Produce and Requests for Admission on Defendants.  Defendants have propounded Interrogatories and Requests to Produce on all Plaintiffs.  Plaintiffs have noticed for deposition certain Fed.R.Civ.P. 30(b)(6) topics.  Defendants will seek to depose certain Opt-In Plaintiffs after they receive their written discovery responses.  The parties need additional time to take depositions, including critical expert witness depositions.

14.  As stated above, discovery was not completed because the proceedings in this case were stayed  pending the disposition of Plaintiffs' Petition for Review to the Ninth Circuit.

15. This Joint Motion is timely and will not unduly delay this matter.

**WHEREFORE**, the parties respectfully request that the Court extend all deadlines as set forth above.

DATED this 8th day of April, 2011.

By: s/Leon Greenberg
A Professional Corporation
633 South 4th Street, Suite 4
Las Vegas, Nevada 89101
**Attorney for Plaintiffs**

By: s/Myrna L. Maysonet
RICHARD W. EPSTEIN
(*Admitted pro hac vice*,
Florida Bar No.:0229091)
MYRNA L. MAYSONET
(*Admitted pro hac vice*,
Florida Bar No.: 0429650)
Greenspoon Marder, P.A.
201 E. Pine Street, Suite 500
Orlando, FL 32801
**Attorneys for Defendants**

DATED: April 15, 2011.

**IT IS SO ORDERED**

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

5249051 v1