1  LEON GREENBERG
   Nevada Bar No. 8094
2  Leon Greenberg Professional Corporation
   2965 South Jones Boulevard, Suite E4
3  Las Vegas, Nevada 89146
   Telephone:  (702) 383-6085
4  Facsimile:  (702) 385-1827
   leongreenberg@overtimelaw.com
5
   **Attorney for Plaintiffs**
6
   RICHARD W. EPSTEIN
7  MYRNA L. MAYSONET
   (*Admitted Pro Hac Vice*)
8  GREENSPOON MARDER, P.A.
   201 East Pine Street
9  Suite 500
   Orlando, Florida  32801
10 Telephone: (888) 491-1120
   Facsimile: (954) 771-9264
11 richard.epstein@gmlaw.com
   myrna.maysonet@gmlaw.com
12 **Attorneys for Defendants**

13
                    UNITED STATES DISTRICT COURT
14                       DISTRICT OF NEVADA

15 DEBRA PITTMAN, ROSALYNE R. SMITH,        **Case No. 2:09-cv-00878-PMP-GWF**
   RINEO VLIJTER, and EDITH MARSHALL,
16 individually and on behalf of all others
   similarly situated,
17                        Plaintiffs,        **PARTIES' JOINT STIPULATION
                                             SETTING FORTH PROPOSED
18 vs.                                       SETTLEMENT FOR APPROVAL BY
                                             THE COURT AND PROPOSED ORDER**
19 WESTGATE PLANET HOLLYWOOD LAS
   VEGAS, LLC, WESTGATE RESORTS, INC.,
20 WESTGATE RESORTS, LTD., CFI SALES
   & MARKETING, LTD., CFI SALES &
21 MARKETING, LLC, CFI SALES &
   MARKETING, INC., DAVID A. SIEGEL,
22 RICHARD SIEGEL and "John Doe" entities
   1 to 25, name and number unknown,
23                        Defendants.

24

The parties, through their below respective Counsel, and in accordance with this Court's Order of May 12, 2014 (DE#270), submit the following proposed settlement of this action and request this Court to approve its terms and dismiss this pending action.

## NATURE OF THIS LITIGATION AND THE CLAIMS TO BE SETTLED

1.     This litigation, originally asserting claims under the Fair Labor Standards Act (the "FLSA") and various state labor laws,[1] was commenced in April of 2009 in the Eighth District Court of Nevada, Clark County, and was removed by the defendants to this Court on May 19, 2009. On June 14, 2013 (DE#213), this Court severed and remanded all of the state law claims to the Eighth District Court of Clark County, Nevada, leaving only the FLSA collective claims before this Court.

2.     During the course of these proceedings a total of 383 persons (the "opt in" plaintiffs), in addition to the named plaintiffs (collectively "class members" or "opt-in plaintiffs"), executed and filed written consents to join this case in accordance with 42 U.S.C. §216(b) asserting claims under the FLSA for unpaid overtime wages and/or minimum wages. Defendants have challenged the timeliness of a number of these consents as filed beyond the FLSA's statute of limitations.  Nothing in this Stipulation should be construed as a waiver by defendants of asserted defenses, including but not limited to any opt-in plaintiff's failure to timely assert their claims within the FLSA's statute of limitations.

3.     Plaintiffs asserted various theories of recovery for alleged owed FLSA wages which have been strenuously denied and disputed by defendants.  Specifically, Plaintiffs claimed that some of the opt-in Plaintiffs worked hours for which they did not receive pay ("off-the clock claims").  Likewise, Plaintiffs alleged that some overtime wages (for a small group of the opt-in

---

[1] Plaintiffs asserted the following state law claims: Count II for violations of Nevada Labor Laws, N.R.S.§§ 608.250 and 608.018; Count III for violation of N.R.S.§ 608.040 and Count IV for Breach of Contract.

class) were improperly calculated under the FLSA ("payroll record claims".)   The parties conducted extensive discovery on both type of claims and engaged experts to help evaluate the merits of the claims and defenses asserted by all the parties.   The parties have reached an agreement to settle the payroll record claims based on their respective evaluation of the discovery produced by the parties, defendants' representation that the full and complete payroll records have been produced for the two year period preceding the joinder of each plaintiff in this case, as well as their respective expert consultant opinions.

## THE PROPOSED TERMS OF SETTLEMENT

4.      Without any admission or finding of liability, the parties have agreed to resolve the payroll record claims of the 59 plaintiffs[2] listed in Ex. "A" by having defendants make a payment ("settlement payments") to each such plaintiff in the amount specified in Ex. "A."  This payment will completely release all defendants (individual and corporate) and other persons, named or unnamed, potentially liable under the FLSA from any liability for any claims for unpaid minimum wages, overtime wages and liquidated damages that are shown by defendants' payroll records (payroll record claims) to exist for the two year period preceding each of such 59 plaintiffs' joinder in this case and shall act as a bar to any claim to recover those wages or liquidated damages in any other FLSA action any of those 59 plaintiffs may elect to commence pursuant to the provisions of paragraph 7. The claims of these 59 plaintiffs, as defined in this paragraph, shall be dismissed with prejudice against all defendants.

5.      Defendants shall make the payment as required by paragraph 4 in two checks as follows:  (1) wages damages amount as prescribed in Ex. "A" for the listed opt-in Plaintiffs less appropriate tax deductions which shall be reported on a W-2 form, and (2) liquidated damages as

---

[2] The remaining of the FLSA class members did not have payroll records claims based on the relevant payroll records.

prescribed in Ex. "A" without tax deductions which will be reported on an I.R.S. form 1099. Defendants shall mail all such checks to the Ex. "A" plaintiffs at the address they provided to the Court when they filed their consent to join this case or at such other address as will be provided by plaintiffs' counsel to defendants' counsel with the Notice set forth at Ex. "B."

6.      Defendants shall mail the settlement payments within 35 days of the Court "So Ordering" this Stipulation.   After 180 days from the mailing of the settlement payments, defendants' counsel shall file a certification with the Court identifying which settlement payments checks remain uncashed ("uncashed payments").   Any of the Ex. "A" plaintiffs who have not cashed their settlement payments shall then have 60 days from the filing of defendants' counsel's certification to come forward and contact plaintiffs' counsel to seek a reissued check. Any uncashed payments remaining after 60 days from the reissuing of any settlement payments will be cancelled and defendants will issue a single check equaling the total amount of all remaining uncashed payments, if any, within 30 days thereafter and without a further Order from this Court, to the National Employment Law Project, an IRS §401(c) charity and advise plaintiffs' counsel of the same.   Defendants will be entitled to the release stated in paragraph 4 for any of the 59 plaintiffs who failed to cash his or her settlement payment issued in accordance with Ex. "A."

7.      All opt-in plaintiffs not listed on Ex. "A" shall be mailed by plaintiffs' counsel a notice, substantially in the form of Ex. "C", of the termination of this lawsuit, such mailing to take place within 35 days of the date this Stipulation is "So Ordered."   All of the plaintiffs in this case shall have their claims in this case dismissed, without prejudice, ***with the exception of the claims listed in paragraph 4 which shall be dismissed with prejudice.***   The limitations period applicable to the claims made in this case under the FLSA which are to be dismissed without

prejudice will be tolled for a period of 45 days following the date the notice of the termination of this lawsuit (Ex. "C" and Ex. "B") is mailed. Any such plaintiff who elects to recommence a lawsuit against the defendants under the FLSA during such 45 day time period shall be deemed, for FLSA statute of limitations purposes, to have initiated that recommenced lawsuit on the same date as their consent to joinder was filed in this case with this Court. By agreeing to this limited tolling of the FLSA statute of limitations, Defendants do not waive any defenses that were asserted against the opt-in Plaintiffs at the time of the initial filing of the respective consent to joinder, including, but not limited to, the expiration of the FLSA's statute of limitations.

8.      As an additional term of the settlement, the plaintiffs' counsel will receive a fee and cost payment totaling $67,528 ($54,400 in fees and $13,128.00 in costs).  Defendants shall mail the fee payment to opposing counsel within 35 days of the Court "So Ordering" this Stipulation.  No further monies shall be paid to counsel for fees or costs associated to the prosecution of the claims in this action.  The Parties further acknowledge that Plaintiffs' attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the plaintiffs.  They further agree that this amount is not excessive and is based upon a good faith negotiation between the parties, as plaintiffs' counsel asserts that they expended no less than 160 hours of properly billable attorney time on the prosecution of the FLSA claims in this case, along with significant additional paralegal time, equating to a proposed fee payment not exceeding $340 per hour for attorney time.

**THE PARTIES'STIPULATED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF THIS DISPUTE AND SHOULD BE APPROVED BY THE COURT**

9.      When this Court directed conditional "opt in" FLSA class certification in this case it expressly reserved the power to approve any settlement of the plaintiffs' claims.  It is also

defendants' belief that claims brought under the FLSA must be settled with the supervision of either the Secretary of Labor or a district court. *See Lynn's Food Stores, Inc. v. United States, et al.*, 679 F. 2d 1350, 1352-53 (11th Cir. 1982).   If a trial court is going to formally approve a settlement it must conduct an evaluation of the settlement's fairness.   *Lynn's Food Stores, Inc.,* 679 F.2d at 1353; *see also Schulte, Inc. v. Gangi,* 328 U.S. 108, 113 n. 8, 66 S.Ct. 925, 90 L.Ed. 1114 (1946); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947).

10.   When evaluating the "fairness" of a settlement, a court must determine whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute. *Lynn's Food Stores, Inc.,* 679 F.2d at 1355.   "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute… the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1355; *see also Lee v. The Timberland Co.,* C 07-2367 JF, 2008 WL 2492295 (N.D. Cal. June 19, 2008). In approving a parties' settlement agreement, a court may balance numerous factors, including the strength of plaintiffs' case, the risk, expense, complexity, and likely duration of further litigation, the extent of the discovery completed, the stage of the proceedings, and the experience and views of counsel. *See, e.g., Torrisi v. Tucson Electric Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993); *see also Trinh v. JPMorgan Chase & Co.,* 07-cv-01666W (WMC), 2009 WL 532556 (S.D. Cal. Mar. 3, 2009). There is a strong presumption in favor of approving a settlement reached by adverse parties. *Id.* As discussed below, the parties' Stipulated Settlement is a fair and reasonable resolution of a *bona fide* dispute warranting this Court's approval in accordance with the factors enunciated in *Lynn.*

11.     Payments set forth in Ex. "A" are calculated for the two year period prior to each such plaintiff's filing of his or her FLSA consent in this case based on input from the parties' consulting experts.   The FLSA allows a potential three year statute of limitations if an FLSA violation is shown to be "willful."   While Plaintiffs believe Defendants' FLSA violations in this case were "willful," Plaintiffs' counsel concedes that the burden of establishing such "willfulness" rests with the Plaintiffs.   Nor does Plaintiffs' counsel believe any evidence exists of Defendants' actual knowledge they were violating the FLSA or of their conscious intent to do so. Defendants vigorously deny that they willfully violated the FLSA and that there would be any basis for the Court to make such a willful violation finding and impose a three year statute of limitations to the Plaintiffs' FLSA claims.

12.     While the FLSA provides for an award of liquidated, or double damages, to prevailing plaintiffs, such award, while presumed, can also be denied if an employer can demonstrate to the Court's satisfaction that they acted in a "good faith" manner in respect to their attempts to comply with the FLSA.   Defendants have raised that "good faith" defense and insist that in the event they were found to have violated the FLSA they acted in good faith and no liquidated damages[3] should be awarded to any of the Plaintiffs.   Plaintiffs' counsel believes Defendants cannot meet their burden of establishing such a good faith defense, but do concede this is an issue Defendants can attempt to litigate and the results of that attempt cannot be predicted with certainty.

13.     This Stipulated Settlement has been reached after extensive litigation and discovery in this matter.   The parties had a meaningful opportunity to evaluate the risk, expense, complexity and likely duration of further litigation in reaching this decision.

---

[3] Notwithstanding Defendants' denials and defenses, Defendants have agreed to pay liquidated damages for a 2 year look back period for the opt-in Plaintiffs listed in Ex. A, as part of its compromise of this disputed issue.

14.  The parties and their respective counsel believe that the proposed settlement of the claims being settled by this stipulation is fair and reasonable as defined by *Lynn* and should be approved by the Court in light of both the disputed issues, fully discussed above, and the nature of the settlement, and more specifically because:

(a)  The settlement provides compensation, in full, for the Ex. "A" claims and also provides for the payment of the full measure of potential FLSA liquidated damages on those claims, meaning that the 59 opt-in plaintiffs possessing those claims will receive 100% of the potential damages awards available to them on those claims; and

(b)  Plaintiffs who are not receiving any award from the Ex. "A" claims settlement, and those Plaintiffs who are receiving such an award but believe that they are entitled to a larger amount of money because they allegedly possess "off the clock" overtime claims or "third year" overtime claims, are free to continue to prosecute those claims to the fullest extent of the law, as long as they recommence those claims in another action within 45 days of the date of the entry of the final judgment in this case.

15.   While Plaintiffs' counsel believes the "off the clock" overtime claims, and "third year" claims in this case have potential merit, and could be subject to disposition on a collective basis, Defendants vigorously dispute the merits of those claims and whether they are amenable to class treatment and do, and would, oppose having this Court resolve such claims on a class basis.

- 8 -

While the parties disagree about those issues, they also recognize that those same claims, for at least a third of the opt-in plaintiffs in this case, are the subject of the ongoing severed and remanded putative Rule 23 class action pending in the state court. As a result, it would likely not be an efficient use of judicial resources for those claims to also be litigated, for a smaller group of persons, in this Court as well. Additionally, Plaintiffs' counsel's resources are limited and they do not believe they can litigate those potentially overlapping and duplicative claims in as efficient and effective manner in two separate lawsuits.

WHEREFORE, the parties request that the Court enter the below Order which incorporates the terms of the parties' above Stipulation of Settlement.

DATED this 27th day of June, 2014.

By:  s/Leon Greenberg
LEON GREENBERG

Leon Greenberg Prof. Corp.
2965 South Jones Blvd.
Suite E4
Las Vegas, Nevada 89146
**Attorney for Plaintiffs**

By:  s/Myrna L. Maysonet
MYRNA L. MAYSONET

RICHARD W. EPSTEIN
(*Admitted pro hac vice*,
 Florida Bar No.: 0229091)
MYRNA L. MAYSONET
(*Admitted pro hac vice*,
Florida Bar No.: 0429650)
Greenspoon Marder, P.A.
201 E. Pine Street, Suite 500
Orlando, FL 32801
**Attorneys for Defendants**

**ORDER**

WHEREFORE, the Court, having reviewed the foregoing Stipulation of the Parties, hereby finds as follows:

1.  The settlement proposed by the parties is a fair and reasonable resolution of a *bona fide* dispute, and warrants approval by the Court, for the reasons stated by the parties in their above Stipulation.

2.  Specifically, the Court finds that the parties' Stipulation will resolve a portion of the plaintiffs' claims fully and in a fashion that is completely favorable to the plaintiffs and for which they would be entitled to no greater or different relief from this Court, and that to the extent plaintiffs have claims that are not so resolved and that they believe merit prosecution, their right to so is fully preserved as long as they take timely action, as provided in this Order, to do so.

3.  The Court hereby Orders:

    a.  The dismissal with prejudice of the class members' claims as identified in paragraph 4 of the parties' Stipulated Settlement against all defendants.

    b.  That notices in the manner and form provided for in paragraphs 5 and 8 of the above Stipulation, shall be mailed as provided therein and the other relevant terms of such paragraphs performed by the parties;

    c.  That settlement payments the manner and form provided for in paragraph 5 of the above Stipulation, shall be mailed as provided therein and the other relevant terms of such paragraph performed by the parties;

    d.  That all of the other FLSA claims of all of the plaintiffs not dismissed in paragraph 3(a) of this Order are dismissed without prejudice. The limitations period for those

claims shall be tolled for 45 days from the dispatch of the notice specified in paragraph 7 of the above Stipulation in respect to any recommenced action under the Fair Labor Standards Act that any plaintiff to this case may wish to bring as provided for in paragraph 7 of the parties' Stipulation, it being further provided that any such recommenced action under the Fair Labor Standards Act shall be limited by the release of claims specified in paragraph 4 of the parties' above Stipulation;

     e.     That the Clerk of the Court shall enter final judgment in this action with the Court retaining jurisdiction for the purposes of enforcing any terms of this Order and the parties' above Stipulation.

     f.     That Defendants shall pay to Plaintiffs' counsel the attorney's fee specified by paragraph 8 of the above Stipulation within 35 days of the entry of this Order;

IT IS SO ORDERED

_____         _____
Hon. Philip M. Pro                                 Date
United States District Judge
18492584v1

EXHIBIT "A"

EXHIBIT A

| Name | Wage Damages Payment to be Made (W-2) | Liquidated Damages Payment to be Made (1099) |
|---|---|---|
| AGUIRRE, GERMAN | 318.73 | 318.73 |
| ALLISON, DAVID L. | 304.26 | 304.26 |
| ANDERSON, LETICIA G. | 90.92 | 90.92 |
| BACOTE, DEREK K. | 15.20 | 15.20 |
| BARWICK, DEBBI | 30.96 | 30.96 |
| BAZAR, JESSICA L. | 53.80 | 53.80 |
| BELTRAN, BABY V. | 448.23 | 448.23 |
| BOZZI, MICHAEL A. | 766.27 | 766.27 |
| BUTLER JR, THURMAN | 121.37 | 121.37 |
| CHANEY, TERRY R. | 239.63 | 239.63 |
| CHANG, RENE D. | 42.18 | 42.18 |
| COLLINS, TERESA A. | 125.19 | 125.19 |
| CORY, ASHLEE E. | 51.95 | 51.95 |
| COX, CHRISTOPHER T. | 50.82 | 50.82 |
| DAVIS, MELVIN E. | 700.28 | 700.28 |
| EDWARDS, THURON L. | 236.98 | 236.98 |
| ESTRADA, LISA A. | 29.19 | 29.19 |
| FLEMING, TIMOTHY A. | 132.32 | 132.32 |
| GRIGSBY, MICHELLE L. | 15.67 | 15.67 |
| GROGAN, DONNA R. | 62.26 | 62.26 |
| HARRIS, VAUGHN N. | 30.27 | 30.27 |
| HASKAL, CHERYL L. | 67.99 | 67.99 |
| HECKENDORN, LA-TIQUA S | 19.35 | 19.35 |
| HOWARD, ASHELEY L. | 779.13 | 779.13 |
| HUMPHREY, SANDRA M. | 260.31 | 260.31 |
| JEONG, ESTELLE B. | 102.00 | 102.00 |
| JESSUP, JENNIFER R. | 51.84 | 51.84 |
| KESTERSON, MATTHEW L. | 81.96 | 81.96 |
| LEGASPPY, CHRISTIAN J. | 481.74 | 481.74 |
| MARSHALL, EDITH K. | 827.04 | 827.04 |
| MARTIN, CHERYLLE D. | 443.76 | 443.76 |
| MCBRIDE, WILLIE I. | 26.78 | 26.78 |
| MIKOU, MOHAMED A. | 14.97 | 14.97 |
| NABIRHA, HASSAN | 15.94 | 15.94 |
| NICHOLS, AVA E. | 539.08 | 539.08 |
| OGIERIAKHI, CHARLOTTE | 141.45 | 141.45 |
| PAYNE, CHANTA L. | 180.63 | 180.63 |
| PITTMAN, DEBRA D. | 651.48 | 651.48 |
| RADER, MICHAEL D. | 32.32 | 32.32 |
| RENO, BERNADETTE | 314.96 | 314.96 |
| RICHMOND, CALVIN L. | 226.45 | 226.45 |
| ROBERSON, GRACE D. | 10.37 | 10.37 |
| ROMAN, SHARON A. | 721.53 | 721.53 |

| Name | Wage Damages Payment to be Made (W-2) | Liquidated Damages Payment to be Made (1099) |
|------|--------------------------------------:|---------------------------------------------:|
| RUIZ JR, JOHNNY | 24.21 | 24.21 |
| SIMS, CHRISTOPHER D. | 112.92 | 112.92 |
| SINGH, VENUS M. | 257.92 | 257.92 |
| SMITH, CATHY A. | 887.44 | 887.44 |
| SMITH, ROSALYNE R. | 46.46 | 46.46 |
| STELMACH, ADAM | 1,350.82 | 1,350.82 |
| TAMAYO, HERNANDO A. | 303.27 | 303.27 |
| THORNTON, MICHAEL R. | 37.47 | 37.47 |
| TODD, NIKKOLE S. | 386.59 | 386.59 |
| TOOKER, LISA G. | 16.10 | 16.10 |
| TRENT, CHERYL A. | 15.54 | 15.54 |
| VINES JR, DAVID A. | 61.71 | 61.71 |
| VLIJTER, RINEO R. | 4,434.01 | 4,434.01 |
| WALTON, LISA D. | 26.55 | 26.55 |
| WILLIAMS, MICHAEL L. | 32.94 | 32.94 |
| WILLIAMS, PENNY | 292.98 | 292.98 |
| | ------------------- | ------------------- |
| Totals | 18,144.43 | 18,144.43 |

EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA PITTMAN, ROSALYNE R. SMITH, RINEO VLIJTER, and EDITH MARSHALL, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>WESTGATE PLANET HOLLYWOOD LAS VEGAS, LLC, WESTGATE RESORTS, INC., WESTGATE RESORTS, LTD., CFI SALES & MARKETING, LTD., CFI SALES & MARKETING, LLC, CFI SALES & MARKETING, INC., DAVID A. SIEGEL, RICHARD SIEGEL and "John Doe" entities 1 to 25, name and number unknown,<br>     Defendants. | **Case No. 2:09-cv-00878-PMP-GWF**<br><br><br>**NOTICE OF PARTIAL SETTLEMENT OF CLAIMS, SETTLEMENT PAYMENT, DISMISSAL OF ACTION, AND RIGHT TO PROCEED WITH FURTHER LITIGATION UNDER THE FAIR LABOR STANDARDS ACT** |

TO:   [insert name and address]


   You are being provided with this notice because (1) You previously joined this case as a plaintiff under the Fair Labor Standards Act by having filed a consent to join form with the Court; and (2) The Court has approved a partial settlement and dismissal of this case, and also directed that your right to pursue any claims you could have made under the Fair Labor Standards Act, with the exception of the claim that was settled which is described below, is fully preserved if you commence a new lawsuit against the defendants *within 45 days* from the date of this notice, meaning by DATE.

Your Settled Fair Labor Standards Act Claim:

   Plaintiffs alleged that, during the two (2) year period preceding the filing of your consent to join form, some wages for some members of the opt-in class as reflected by defendants' payroll records were not properly paid ("payroll record claims") under the Fair Labor Standards Act. Defendants denied that they failed to comply with the Fair Labor Standards Act or that any wages were unpaid or owed. Without admitting any liability, the parties have reached an agreement to settle the

"payroll record claims." Consequently, the payroll record claims will be dismissed with prejudice. You are now receiving with this notice a payroll check for XXXX in gross wages, minus tax deductions, and another check for XXXX from which no tax deductions are taken. You will be provided with a W-2 form and 1099 form for these payments which are both subject to income taxes. As a result of receiving this payment, which has been approved by the Court, you cannot in any other lawsuit based upon defendants' payroll records seek to collect any unpaid overtime wages or minimum wages or liquidated damages owed to you under the Fair Labor Standards Act for the two year period preceding the filing with the Court of your consent to join this case.

Your Remaining Fair Labor Standards Act Claims:

The Court has directed that all Fair Labor Standards Act Claims that you may have, except for the above settled claims, can continue in another lawsuit. This means that if you claim the defendants owe you unpaid minimum wages or overtime for some other reason, such as for a period longer than the two year period preceding the filing of your consent to join this lawsuit, or because they owe you minimum wages or overtime for work you performed that is not recorded in their payroll records, you can still pursue those claims in a separate lawsuit. The Court has also granted you a 45 day period during which you can bring that separate lawsuit and fully preserve your claims under the Fair Labor Standards Act that were made in this case, as of the date you filed your consent with the Court to join this case. If you fail to bring such a separate lawsuit *within that 45 days* period, some or all of your claims against the defendants under the Fair Labor Standards Act that you possessed when you filed your consent to join this case may expire by the operation of the statute of limitations. Generally, you have a maximum of two years to bring a Fair Labor Standards Act case, or three years in the event of a willful violation, from each week you worked but were not paid the overtime or minimum wages required by the Fair Labor Standards Act. Whether to pursue any additional, separate, lawsuit under the Fair Labor Standards Act against the defendants is up to you and you may want to consult with an attorney about that issue.

This notice is sent to you pursuant to the Court's Order of  DATE.

If you have any questions about this notice you can contact counsel for the plaintiffs in this case, Leon Greenberg, 2965 South Jones Boulevard, Suite E-4, Las Vegas, Nevada, 89146 (702) 383-6085 or by email dana@overtimelaw.com (email communications are preferred). Plaintiffs' counsel in this case can answer

your questions about this notice but ***will not file any new, separate, Fair Labor Standards Act lawsuit against the defendants on your behalf.***  If you wish to investigate filing any further Fair Labor Standards Act claims against defendants in a separate lawsuit you should contact another attorney.

EXHIBIT "C"

1

2

3

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

4

5

6

7

8

DEBRA PITTMAN, ROSALYNE R. SMITH,
RINEO VLIJTER, and EDITH MARSHALL,
individually and on behalf of all others
similarly situated,

                Plaintiffs,

vs.

9

10

11

12

13

14

WESTGATE PLANET HOLLYWOOD LAS
VEGAS, LLC, WESTGATE RESORTS, INC.,
WESTGATE RESORTS, LTD., CFI SALES
& MARKETING, LTD., CFI SALES &
MARKETING, LLC, CFI SALES &
MARKETING, INC., DAVID A. SIEGEL,
RICHARD SIEGEL and "John Doe" entities
1 to 25, name and number unknown,
                Defendants.

**Case No. 2:09-cv-00878-PMP-GWF**

**NOTICE OF DISMISSAL OF ACTION,
AND RIGHT TO PROCEED WITH
SEPARATE LITIGATION UNDER THE
FAIR LABOR STANDARDS ACT**

15

16

TO:      [insert name and address]

17

18

19

20

21

22

You are being provided with this notice because you previously joined this case as a plaintiff under the Fair Labor Standards Act by having filed with the Court a consent to join form. The Court has directed that this case be dismissed and your right to pursue all of the claims you could have made under the Fair Labor Standards Act in this case be fully preserved if you elect to commence a new lawsuit against the defendants *within 45 days* from the date of this notice, meaning by DATE.

23

24

25

26

27

28

The Court has directed that all Fair Labor Standards Act Claims that you may have can continue in another lawsuit.  This means that if you believe the defendants owe you unpaid minimum wages or overtime you can still pursue those claims in a separate lawsuit.  The Court has also granted you a 45 day period during which you can bring that separate lawsuit and fully preserve your claims under the Fair Labor Standards Act that were made in this case, as of the date you filed your consent with the Court to join this case.  If you fail to bring such a separate lawsuit *within that 45 days* period some or all of your claims against the defendants under the Fair Labor Standards Act that you possessed when you filed

- 1 -

your consent to join this case may expire by the operation of the statute of limitations.  Generally, you have a maximum of two years to bring a Fair Labor Standards Act case, or three years in the event of a willful violation, from each week you worked but were not paid the overtime or minimum wages required by the Fair Labor Standards Act.  Whether to pursue any additional, separate, lawsuit under the Fair Labor Standards Act against the defendants is up to you and you may want to consult with an attorney about that issue.

This notice is sent to you pursuant to the Court's Order of  DATE.

If you have any questions about this notice you can contact counsel for the plaintiffs in this case, Leon Greenberg, 2965 South Jones Boulevard, Suite E-4, Las Vegas, Nevada, 89146 (702) 383-6085 or by email dana@overtimelaw.com (email communications are preferred).  Plaintiffs' counsel in this case can answer your questions about this notice but **will not file any new, separate, Fair Labor Standards Act lawsuit against the defendants on your behalf.**  If you wish to investigate filing any further Fair Labor Standards Act claims against defendants in a separate lawsuit you should contact another attorney.